# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| **BLUE TARPON CAPITAL, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| **INDUSTRIAL MINERALS GROUP, LLC,** | ) |
| **KOPPER GLO MINING, LLC, and** | ) |
| **INMET MINING, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT FOR DAMAGES AND APPOINTMENT OF RECEIVER

Plaintiff Blue Tarpon Capital, LLC ("Blue Tarpon" or "Plaintiff") asserts the following Complaint for Damages and Appointment of Receiver against Defendants Industrial Minerals Group, LLC ("IMG"), Kopper Glo Mining, LLC ("Kopper Glo"), and INMET Mining, LLC ("INMET") (collectively, "Defendants"):

## PARTIES

1. Blue Tarpon is a Texas limited liability company with its principal place of business located in Harris County, Texas. Its sole member is Corbin J. Robertson, III, a citizen and resident of Harris County, Texas.

2. IMG is a Delaware limited liability company with its principal place of business located in Knox County, Tennessee. Upon information and belief, its members are Keith Dyke, a citizen and resident of Blount County, Tennessee; and Hunter Hobson, a citizen and resident of Knox County, Tennessee. IMG may be served with process through its registered agent, Capitol Corporate Services, Inc., at 992 Davidson Drive, Suite B, Nashville, Tennessee 37205.

3. Kopper Glo is a Delaware limited liability company with its principal place of business located in Knox County, Tennessee. Upon information and belief, its sole member is IMG. Kopper Glo may be served with process through its registered agent, Capitol Corporate Services, Inc., at 992 Davidson Drive, Suite B, Nashville, Tennessee 37205.

4. INMET is a Delaware limited liability company with its principal place of business located in Knox County, Tennessee. Upon information and belief, its sole member is IMG. Kopper Glo may be served with process through its registered agent, Capitol Corporate Services, Inc., at 992 Davidson Drive, Suite B, Nashville, Tennessee 37205.

## JURISDICTION AND VENUE

5. The causes of action set forth herein are solely between citizens of different states (domestic or foreign), and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs. Accordingly, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332.

6. This Court has personal jurisdiction over Defendants and the claims asserted in the Complaint, as Defendants have regular, direct, and systematic contacts with the State of Tennessee, including, but not limited to, with respect to the promissory note, security agreements, and guaranty agreement referenced below, and because the claims herein arise out of and relate to such contacts.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

8. Plaintiff re-alleges and incorporates by reference all previous allegations of this Complaint as if the same were fully set forth in this paragraph.

9. Blue Tarpon is a financier that has, among other things, financed certain nonrenewable energy ventures.

10. Defendants are nonrenewable energy companies engaged in the coal mining industry.

**The Loan and Related Transactions**

11. On or about March 13, 2018, IMG and Kopper Glo, as borrowers, executed and delivered that certain Senior Secured Promissory Note (the "Original Note") in favor of Blue Tarpon, as lender. A copy of the Original Note is attached hereto as **Exhibit A**.

12. Pursuant to the Original Note, IMG and Kopper Glo agreed to pay Blue Tarpon the principal amount of Two Million Five Hundred Thousand and 00/100 Dollars ($2,500,000.00) on or before the Maturity Date (as defined in the Original Note), together with interest, until the full amount of principal and interest due under the Original Note has been paid and satisfied.

13. Contemporaneously with the Original Note, IMG and Kopper Glo also executed and delivered a Security Agreement dated March 13, 2018 (the "2018 Security Agreement") in favor of Blue Tarpon. A copy of the 2018 Security Agreement is attached hereto as **Exhibit B**.

14. The 2018 Security Agreement created a security interest in certain Collateral (as defined in the 2018 Security Agreement) to secure IMG's and Kopper Glo's obligations under the Original Note.

15. Between March 13, 2018 and October 9, 2018, Blue Tarpon advanced to IMG and Kopper Glo the full $2,500,000.00 of permitted advances under the Original Note.

16. On or about October 9, 2018, IMG and Kopper Glo, as borrowers, executed and delivered that certain Amended and Restated Senior Secured Promissory Note (the "A&R Note") in favor of Blue Tarpon, as lender. The A&R Note amended the Original Note. A copy of the A&R Note is attached hereto as **Exhibit C**.

17. Pursuant to the A&R Note, IMG and Kopper Glo agreed to pay Blue Tarpon the principal amount of Four Million Three Hundred Fifty Thousand and 00/100 Dollars ($4,350,000.00) on or before the Maturity Date (as defined in the A&R Note), together with interest, until the full amount of principal and interest due under the A&R Note has been paid and satisfied.

18. On or about January 3, 2020, IMG, Kopper Glo, and Blue Tarpon entered into that certain Amendment No. 1 to the Amended and Restated Senior Secured Promissory Note dated October 9, 2018 ("Am. No. 1 to A&R Note"). A copy of Am. No. 1 to A&R Note is attached hereto as **Exhibit D**.

19. Pursuant to Am. No. 1 to A&R Note, IMG, Kopper Glo, and Blue Tarpon agreed, *inter alia*, to extend the Maturity Date and modify the repayment schedule originally set forth in the A&R Note. The A&R Note, as amended by Am. No. 1 to A&R Note, shall hereinafter be referred to as the "A&R Note."

20. On or about March 19, 2020, IMG, Kopper Glo, and Blue Tarpon entered into that certain Amendment No. 1 to the Security Agreement dated March 13, 2018 ("Am. No. 1 to 2018 Security Agreement"). A copy of Am. No. 1. to 2018 Security Agreement is attached hereto as **Exhibit E**.

21. Pursuant to Am. No. 1 to 2018 Security Agreement, IMG, Kopper Glo, and Blue Tarpon agreed, *inter alia*, to expand the security interested created in, and the definition of, the Collateral originally set forth in the 2018 Security Agreement. The 2018 Security Agreement, as amended by Am. No. 1 to 2018 Security Agreement, shall hereinafter be referred to as the "2018 Security Agreement."

22. Also on or about March 19, 2020, INMET executed and delivered that certain Guaranty Agreement (the "INMET Guaranty") in favor of Blue Tarpon. A copy of the INMET Guaranty is attached hereto as **Exhibit F**.

23. Pursuant to the INMET Guaranty, INMET absolutely, unconditionally, and irrevocably guaranteed the obligations of Kopper Glo under the A&R Note up to the amount of One Million Three Hundred Fifty Thousand and 00/100 Dollars ($1,350,000.00).

24. Contemporaneously with the INMET Guaranty, INMET executed and delivered a Security Agreement dated March 19, 2020 (the "INMET Security Agreement") in favor of Blue Tarpon. A copy of the INMET Security Agreement is attached hereto as **Exhibit G**.

25. The INMET Security Agreement created a security interest in certain Collateral (as defined in the INMET Security Agreement) to secure INMET's obligations under the INMET Guaranty and to secure Kopper Glo's obligations under the A&R Note.

26. Blue Tarpon has advanced to IMG and Kopper Glo the full $4,350,000.00 of permitted advances under the A&R Note.

**IMG's and Kopper Glo's Obligations Under the A&R Note**

27. Pursuant to Section D.1. of the A&R Note, IMG and Kopper Glo are required to, upon reasonable prior written notice and at reasonable times, "permit representatives of [Blue Tarpon] to examine and make copies of the books and records of, and visit and inspect the properties and assets of [IMG and Kopper Glo] and to discuss the business, operations and financial condition of any such persons with their respective officers and employees."

28. Pursuant to Section D.4. of the A&R Note, IMG and Kopper Glo are required to deliver to Blue Tarpon: "(a) annual unaudited financial statements of [IMG and Kopper Glo] within 120 days of fiscal year end; (b) monthly unaudited financial statements and certificate of no default due within 25 days of months' end; and (c) such other reports and information

reasonably required by [Blue Tarpon]." Such financial statements, certificates, reports, and information shall hereinafter be referred to collectively as the "Financial Records."

29. Pursuant to Section F.2. of the A&R Note, "Failure by [IMG and Kopper Glo] to perform or observe any covenant, term or agreement set forth in this Note or the Security Documents" shall constitute an "Event of Default."

30. Pursuant to Section G.1. of the A&R Note, "If any Event of Default shall occur, then or at any time thereafter while such Event of Default shall continue, [Blue Tarpon] may declare all amounts outstanding under this Note to be immediately due and payable, **without notice of intent to accelerate, notice of acceleration,** notice of nonpayment, protest, presentment, dishonor, demand, or any other notices all of which are hereby expressly waived by [IMG and Kopper Glo]." (Emphasis original.)

### INMET's Obligations Under the INMET Guaranty

31. Pursuant to Section 1 of the INMET Guaranty, INMET "absolutely, unconditionally and irrevocably guarantee[d] . . . the full and prompt payment when due of the Guaranteed Amount . . . payable under the Amended and Restated Note. . . ."

32. Pursuant to Section 2 of the INMET Guaranty, INMET agreed that "its obligations under this Guaranty are irrevocable, continuing, absolute and unconditional and shall not be discharged or impaired or otherwise affected by, and Guarantor hereby irrevocably waives any defenses to enforcement it may have (now or in the future) by reason of: . . . (d) Any default, failure or delay, willful or otherwise, in the performance or payment of the Amended and Restated Note or the Guaranteed Amount."

### Defendants' Defaults

33. On or about July 8, 2020, Blue Tarpon sent correspondence to Defendants declaring various Events of Default under the A&R Note, the 2018 Security Agreement, the INMET

Guaranty, and the INMET Security Agreement. A copy of the July 8, 2020 correspondence is attached hereto as **Exhibit H**.

34. On or about July 9, 2020, Blue Tarpon sent correspondence to Defendants requesting the Financial Records and other information. A copy of the July 9, 2020 correspondence is attached hereto as **Exhibit I**.

35. Despite Blue Tarpon's provision of reasonable prior written notice requesting to examine the books and records of, and visit and inspect the properties and assets of IMG and Kopper Glo, IMG and Kopper Glo have failed to allow Blue Tarpon to so examine, visit, and inspect, as required under Section D.1. of the A&R Note.

36. IMG and Kopper Glo have also failed to deliver to Blue Tarpon the Financial Records, as required under Section D.4. of the A&R Note.

37. IMG's and Kopper Glo's failure to comply with their obligations under Sections D.1. and D.4. of the A&R Note constitutes Events of Default under Section F.2. of the A&R Note.

38. On or about July 29, 2020, Blue Tarpon sent correspondence to Defendants accelerating all amounts outstanding under the A&R Note ($4,350,000.00) to be immediately due and payable. A copy of the July 29, 2020 correspondence is attached hereto as **Exhibit J**.

39. IMG and Kopper Glo have neither cured such Events of Default, nor paid the outstanding $4,350,000.00, under the A&R Note as of the filing of this Complaint.

40. Such failure by IMG and Kopper Glo to cure such Events of Default and failure to pay the outstanding $4,350,000.00 constitute a breach of the A&R Note.

41. INMET has not cured IMG's or Kopper Glo's Events of Default or failure to pay the outstanding $4,350,000.00 under the A&R Note, as required under the INMET Guaranty.

42. Such failure by INMET to cure IMG's and Kopper Glo's Events of Default and failure to pay the outstanding $4,350,000.00 under the A&R Note constitutes a breach of the INMET Guaranty.

43. Defendants have refused to honor their obligations and debt under the A&R Note and the INMET Guaranty, Blue Tarpon has sustained damages, and Blue Tarpon is entitled to judgment against Defendants.

## CAUSES OF ACTION

### Count I – Breach of the A&R Note

*(Against IMG and Kopper Glo)*

44. Blue Tarpon re-alleges and incorporates by reference all previous allegations of this Complaint as if the same were fully set forth in this paragraph.

45. The A&R Note is a valid and enforceable contract between IMG and Kopper Glo, as borrowers, and Blue Tarpon, as lender.

46. There have been no amendments to, or modifications of, the A&R Note since January 3, 2020.

47. Blue Tarpon has fully performed all of its obligations under the A&R Note.

48. IMG and Kopper Glo have failed to comply with their obligations under Sections D.1., D.4., and G.1. of the A&R Note.

49. Such failure constitutes Events of Default under Section F.2. of the A&R Note.

50. IMG and Kopper Glo have failed to cure such Events of Default, which constitutes a breach of the A&R Note.

51. As a result of such breach, Blue Tarpon has sustained legal damages in the amount of $4,350,000.00, plus interest, attorneys' fees, and other costs and expenses, for which IMG and Kopper Glo are liable.

### Count II – Breach of INMET Guaranty

*(Against INMET)*

52. Blue Tarpon re-alleges and incorporates by reference all previous allegations of this Complaint as if the same were fully set forth in this paragraph.

53. The INMET Guaranty is a valid and enforceable contract between INMET, as guarantor, and Blue Tarpon, as beneficiary.

54. There have been no amendments to, or modifications of, the INMET Guaranty.

55. Blue Tarpon has fully performed all of its obligations under the INMET Guaranty.

56. As set forth in Count I above, which is incorporated herein by reference, IMG and Kopper Glo are in default of, and have breached, the A&R Note.

57. INMET has failed to cure IMG's and Kopper Glo's Events of Default and breach of the A&R Note, which constitutes a breach of the INMET Guaranty.

58. As a result of such breach, Blue Tarpon has sustained legal damages in the amount of $1,350,000.00, plus interest, attorneys' fees, and other costs and expenses, for which INMET is liable.

### Count III – Specific Performance

*(Against All Defendants)*

59. Blue Tarpon re-alleges and incorporates by reference all previous allegations of this Complaint as if the same were fully set forth in this paragraph.

60. The 2018 Security Agreement is a valid and enforceable contract between IMG and Kopper Glo as grantors, and Blue Tarpon, as secured party.

61. The 2018 Security Agreement created a security interest in certain Collateral (as defined in the 2018 Security Agreement) to secure IMG's and Kopper Glo's obligations under the A&R Note.

62. The INMET Security Agreement is a valid and enforceable contract between INMET, as grantor, and Blue Tarpon, as secured party.

63. The INMET Security Agreement created a security interest in certain Collateral (as defined in the INMET Security Agreement) to secure INMET's obligations under the INMET Guaranty and to secure Kopper Glo's obligations under the A&R Note.

64. As set forth in Counts I and II above, which are incorporated herein by reference, IMG and Kopper Glo have breached the A&R Note, and INMET has breached the INMET Guaranty.

65. Blue Tarpon has no adequate remedy at law with respect to such breaches, as an award of monetary damages alone would deprive Blue Tarpon of the benefit of the bargain with respect to the unique Collateral contemplated by the 2018 Security Agreement and the INMET Security Agreement.

66. Blue Tarpon is, therefore, entitled to specific performance requiring Defendants to honor the 2018 Security Agreement and the INMET Security Agreement and execute and deliver any and all documents or instruments necessary to transfer and convey to Blue Tarpon all title, interest, and right to and in the Collateral up to an amount sufficient to satisfy the obligations of Defendants under the A&R Note and the INMET Guaranty.

## **Count IV – Demand for Accounting**

*(Against IMG and Kopper Glo)*

67. Blue Tarpon re-alleges and incorporates by reference all previous allegations of this Complaint as if the same were fully set forth in this paragraph.

68. Despite Blue Tarpon's provision of reasonable prior written notice requesting to examine the books and records of, and visit and inspect the properties and assets of IMG and

Kopper Glo, IMG and Kopper Glo have failed to allow Blue Tarpon to so examine, visit, and inspect, as required under Section D.1. of the A&R Note.

69. IMG and Kopper Glo have also failed to deliver to Blue Tarpon the Financial Records, as required under Section D.4. of the A&R Note.

70. Blue Tarpon, therefore, demands a complete accounting of IMG's and Kopper Glo's balance sheets, income statements, cash flow statements, and statements of members' equity, as required under the A&R Note.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Blue Tarpon is entitled to a judgment against Defendants granting the following relief:

1. For monetary damages in an amount not less than the principal amount of $4,350,000.00, plus interest;

2. That Defendants be compelled to specifically perform the requirements set out in the 2018 Security Agreement and the INMET Security Agreement such that Defendants execute and deliver any and all documents or instruments necessary to transfer and convey to Blue Tarpon all title, interest, and right to and in the Collateral;

3. That a receiver be appointed over each Defendant pursuant to Texas Business Organizations Code § 11.403(2) and/or Tenn. Code Ann. § 26-6-140.

4. That Blue Tarpon receive pre-judgment and post-judgment interest, discretionary costs, attorneys' fees and expenses, and court costs in the maximum amount and to the fullest extent allowed under the law;

5. Any other general and equitable relief that the Court deems appropriate in the interest of justice.

/s/ Jeremy A. Oliver
Jeremy A. Oliver (TN BPR #029329)
Kevin T. Elkins (TN BPR #033280)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: 615-244-6380
Facsimile: 615-244-6804
Email: jeremy.oliver@wallerlaw.com
kevin.elkins@wallerlaw.com

*Attorneys for Plaintiff Blue Tarpon Capital, LLC*