# EXHIBIT F

# GUARANTY AGREEMENT

This GUARANTY (this "**Guaranty**"), dated as of March 19, 2020, is made by INMET Mining, LLC, a Delaware Limited Liability Company, together with its respective successors and permitted assigns (a "**Guarantor**"), in favor of and for the benefit of Blue Tarpon Capital, LLC a Texas Limited Liability Company (the "**Beneficiary**").

WHEREAS, the Guarantor recently closed on the acquisition (the "**BlackJewel Transaction**") of certain assets of BlackJewel, L.L.C. and its affiliates out of chapter 11 cases in the Southern District of West Virginia;

WHEREAS, the Guarantor and its secured lender, Black Mountain Marketing and Sales, L.P. ("**Black Mountain**"), requested that the Beneficiary consent to the BlackJewel Transaction and permit Black Mountain to take junior liens and security interests in collateral of Guarantor's affiliate, Kopper Glo Mining, LLC ("**Kopper Glo**"), as part of Black Mountain's financing arrangements related to the BlackJewel Transaction and the ongoing operations of both Kopper Glo and Guarantor;

WHEREAS, Beneficiary provided its consent to the BlackJewel Transaction in return for (i) being granted a lien and security interest on certain collateral of Guarantor to secure repayment up to the amount of $1,350,000 (the "**Guaranteed Amount**"), and (ii) Guarantor entering into this Guaranty guaranteeing the obligations of Kopper Glo (up to the Guaranteed Amount) to Beneficiary, as set forth in an Amended and Restated Senior Secured Promissory Note (the "**Amended and Restated Note**") dated October 9, 2018 by and between Beneficiary and Kopper Glo;

WHEREAS, the Guarantor acknowledges and agrees that the BlackJewel Transaction would not have closed absent the consent of the Beneficiary and the concessions provided by Beneficiary;

WHEREAS, the Guarantor acknowledges that it has derived and will derive substantial direct and indirect benefit from the consummation of the BlackJewel Transaction and the related financing arrangements with Black Mountain; and

WHEREAS, it is a condition precedent to Beneficiary's consent to the BlackJewel Transaction that the Guarantor shall have executed and delivered this Guaranty.

NOW, THEREFORE, in consideration of the premises and in order to induce the Beneficiary to consent to the BlackJewel Transaction and the Black Mountain financing arrangements, the Guarantor hereby agrees as follows:

1. Guaranty. Guarantor hereby absolutely, unconditionally and irrevocably guarantees to the Beneficiary, as a primary obligor under the Amended and Restated Note, but only to the extent of the Guaranteed Amount, and not merely as surety, the full and prompt payment when due of the Guaranteed Amount, whether now existing or arising hereafter, including all principal, premium, interest, fees, attorneys' fees, costs, charges, expenses, reimbursement obligations, any indemnities, or guarantees, and all other amounts payable

under the Amended and Restated Note in respect thereof (including, in each case, all amounts accruing on or after the commencement of any insolvency proceeding relating to Kopper Glo, or that would have accrued or become due under the terms of the Amended and Restated Note but for the effect of the insolvency proceeding or other applicable law, and irrespective of whether a claim for all or any portion of such amounts is allowable or allowed in such insolvency proceeding), plus all costs, expenses and fees (including the reasonable fees and expenses of the Beneficiary's counsel) in any way relating to the enforcement or protection of the Beneficiary's rights hereunder.

2. Guaranty Absolute and Unconditional. Guarantor agrees that its obligations under this Guaranty are irrevocable, continuing, absolute and unconditional and shall not be discharged or impaired or otherwise affected by, and Guarantor hereby irrevocably waives any defenses to enforcement it may have (now or in the future) by reason of:

(a) Any illegality, invalidity or unenforceability of any Guaranteed Amount or the Amended and Restated Note or any related agreement or instrument, or any law, regulation, decree or order of any jurisdiction or any other event affecting any term of the Amended and Restated Note.

(b) Any change in the time, place or manner of payment or performance of, or in any other term of the Amended and Restated Note, or any rescission, waiver, release, assignment, amendment or other modification of the Amended and Restated Note.

(c) Any taking, exchange, substitution, release, impairment, amendment, waiver, modification or non-perfection of any collateral or any other guaranty for the Guaranteed Amount, or any manner of sale, disposition or application of proceeds of any collateral or other assets to all or part of the Guaranteed Amount.

(d) Any default, failure or delay, willful or otherwise, in the performance or payment of the Amended and Restated Note or the Guaranteed Amount.

(e) Any delay or failure of or forbearance by the Beneficiary in asserting any claim or demand or in exercising or enforcing any right or remedy, whether by action, inaction or omission, under the Amended and Restated Note or otherwise.

(f) Any other circumstance, act, omission or manner of administering the Amended and Restated Note or any existence of or reliance on any representation by the Beneficiary that might vary the risk of Guarantor or otherwise operate as a defense available to, or a legal or equitable discharge of, Guarantor.

3. Certain Waivers; Acknowledgments. Guarantor further acknowledges and agrees as follows:

(a) Guarantor hereby unconditionally and irrevocably waives any right to

revoke this Guaranty and acknowledge that this Guaranty is continuing in nature and applies to all presently existing and future amounts due and owing under the Amended and Restated Note up to the Guaranteed Amount, until the complete, irrevocable and indefeasible payment and satisfaction in full of the obligations arising under the Amended and Restated Note. Guarantor further agrees that all or part of the obligations under the Amended and Restated Note may be increased, extended, substituted, amended, renewed or otherwise modified without notice to or consent from Guarantor and such actions shall not affect the liability of Guarantor hereunder.

(b) This Guaranty is a guarantee of payment and not of collection. The Beneficiary shall not be obligated to enforce or exhaust its remedies against Kopper Glo before proceeding to enforce this Guaranty.

(c) Guarantor hereby unconditionally and irrevocably waives promptness, diligence, notice of acceptance, presentment, demand for performance, notice of non-performance, default, acceleration, protest or dishonor and any other notice with respect to any of the Guaranteed Amount and this Guaranty and any requirement that the Beneficiary protect, secure, perfect or insure any lien or any property subject thereto. Guarantor acknowledges that it will receive direct and indirect benefits from the BlackJewel Transaction and the financing arrangements provided by Black Mountain and that the waiver set forth in this Section 3(c) is knowingly made in contemplation of such benefits.

(d) Notwithstanding anything contained herein to the contrary, the obligations of Guarantor shall be limited to the maximum amount so as to not constitute a fraudulent transfer or conveyance for purposes of the United States Bankruptcy Code or any applicable state law or otherwise to the extent applicable to this Guaranty and the obligations of Guarantor hereunder.

(e) Guarantor agrees that its guaranty hereunder shall continue to be effective or be reinstated, as the case may be, if at any time all or part of any payment of any Guaranteed Amount is voided, rescinded or recovered or must otherwise be returned by the Beneficiary upon the insolvency, bankruptcy or reorganization of Guarantor, all as though such payment has not been made.

4. Subrogation. Guarantor waives and shall not exercise any rights that it may acquire by way of subrogation, contribution reimbursement or indemnification for payments made under this Guaranty until the Guaranteed Amount shall have been paid and discharged in full.

5. Representations and Warranties. To induce the Beneficiary to consent to the BlackJewel Transaction and the Black Mountain financing arrangements, Guarantor represents and warrants that: (a) Guarantor has full legal capacity to execute, deliver and perform this Guaranty and to perform all of its obligations hereunder; (b) this Guaranty constitutes Guarantor's valid and legally binding agreement in accordance with its terms; (c) the

execution, delivery and performance of this Guaranty does not contravene or cause a default under any contractual restriction, order, judgment, decree or requirement of law binding on or affecting Guarantor or any of its assets; (d) Guarantor is currently solvent and will not be rendered insolvent by providing this Guaranty; and (e) Guarantor has received and reviewed the Amended and Restated Note.

6.  Notices. All notices, requests, consents, demands and other communications hereunder (each, a "Notice") shall be in writing and delivered to the parties at the addresses indicated below or as designated by the receiving party in writing in accordance with the terms of this Section 6. All Notices shall be delivered by personal delivery, nationally recognized overnight courier, facsimile, email or certified or registered mail (return receipt requested, postage prepaid). Except as otherwise provided in this Guaranty, a Notice is effective only (a) with written confirmation of delivery or transmission; (b) upon receipt of the receiving party; and (c) if the party giving the Notice has complied with the requirements of this section.

| | |
|---|---|
| If to INMET Mining, LLC : | 144E Market Place Blvd.<br>Knoxville, TN 37922<br>Attention: Hunter Hobson<br>Email: hhobson@kopperglo.com |
| with a copy to (which shall not constitute notice): | Dinsmore & Shoal<br>City Center, 100 West Main St, Suite 900<br>Lexington, KY 40507<br>Attention: Brady Dunnigan<br>Email: brady.dunnigan@dinsmore.com |
| If to Beneficiary: | 1415 Louisiana Street,<br>Suite 2400<br>Houston, TX 77002<br>Attention: Corbin Robertson III<br>Email: CIII@quintanacapitalgroup.com |
| with a copy to (which shall not constitute notice): | Howley Law PLLC<br>711 Louisiana St., Suite 1850<br>Houston, Texas 77002<br>Attention: Tom A. Howley<br>Email: tom@howley-law.com |

7.  Assignment. This Guaranty shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns, including without limitation, heirs, guardians, estate trustees, executors and trustees, as applicable; provided, however, that

Guarantor may not, without the prior written consent of the Beneficiary, assign any of its respective rights, powers or obligations hereunder. The Beneficiary may assign this Guaranty and its rights hereunder only in the event of an assignment of the Amended and Restated Note that is permitted thereunder. Any attempted assignment in violation of this section shall be null and void.

8. *Governing Law; Service of Process*. THIS GUARANTY SHALL BE GOVERNED BY AND CONSTRUED UNDER THE LAWS OF THE STATE OF TEXAS, WITHOUT REFERENCE TO ANY CHOICE OF LAW DOCTRINE. EACH PARTY IRREVOCABLY CONSENTS TO SERVICE OF PROCESS IN THE MANNER PROVIDED FOR NOTICES IN SECTION 6 HEREOF AND AGREES THAT NOTHING HEREIN SHALL AFFECT THE RIGHT OF ANY PARTY HERETO TO SERVE PROCESS IN ANY MANNER PERMITTED BY APPLICABLE LAW.

9. *Waiver of Jury Trial*. EACH PARTY HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHTS TO TRIAL BY JURY WITH RESPECT TO ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS GUARANTY OR ANY OF THE OBLIGATIONS HEREUNDER.

10. *Submission to Jurisdiction*. To induce the Beneficiary to accept this Guaranty, Guarantor hereby irrevocably submits to the exclusive jurisdiction of the United States District Court for the Southern District of Texas and of any Texas state court sitting in Houston, Texas over any action, litigation or proceeding of any kind whatsoever, whether in law or equity, or whether in contract or tort or otherwise, arising out of or relating to this Guaranty or the transactions contemplated hereby, and Guarantor hereby irrevocably agrees that all claims in respect of such action, litigation or proceeding may be heard and determined in such courts. Guarantor hereby waives personal service of process upon Guarantor, and hereby agree that all such service of process, summons, notice or other document by registered or certified mail to Guarantor at the address given above or designated by Guarantor in writing pursuant to Section 6 hereof shall be effective service of process for any action, litigation or proceeding brought in any such court. Guarantor further waives any objection to venue in such state and any objection to an action or proceeding in such state on the basis of *forum non conveniens*. Each party hereby agrees that a final judgment in any such action, litigation or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law.

11. *Cumulative Rights*. Each right, remedy and power hereby granted to the Beneficiary or allowed it by applicable law or other agreement shall be cumulative and not exclusive of any other, and may be exercised by the Beneficiary at any time or from time to time.

12. *Severability*. If any provision of this Guaranty is to any extent determined by final decision of a court of competent jurisdiction to be unenforceable, the remainder of this

Guaranty shall not be affected thereby, and each provision of this Guaranty shall be valid and enforceable to the fullest extent permitted by law.

13. <u>No Waiver</u>. No delay or omission on the Beneficiary's part in exercising any rights hereunder shall operate as a waiver of such rights or any other rights, and no waiver of any right on one occasion shall result in a waiver of such right or any other rights on any future occasion, nor shall any single or partial exercise of any right hereunder preclude any other or further exercise thereof or the exercise of any other right.

14. <u>Entire Agreement; Amendments; Headings; Effectiveness</u>. This Guaranty constitutes the sole and entire agreement of Guarantor and the Beneficiary with respect to the subject matter hereof and supersedes all previous agreements or understandings, oral or written, between Guarantor and the Beneficiary with respect to such subject matter. No amendment or waiver of any provision of this Guaranty shall be valid and binding unless it is in writing and signed, in the case of an amendment, by all parties hereto, or in the case of a waiver, by the party against which the waiver is to be effective. Section headings are for convenience of reference only and shall not define, modify, expand or limit any of the terms of this Guaranty. Delivery of this Guaranty by facsimile or in electronic (*i.e.*, "pdf") format shall be effective as delivery of a manually executed original of this Guaranty.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the parties have executed this Guaranty as of the day and year first above written.

**GUARANTOR:**

INMET Mining, LLC

_____
Hunter Hobson, President

_____
Keith Dyke, Vice President

**BENEFICIARY:**

Blue Tarpon Capital, LLC

_____
Corbin J. Robertson III, President