# EXHIBIT H

BLUE TARPON CAPITAL, LLC

July 8, 2020

Industrial Minerals Group, LLC
ATTN: Hunter Hobson, President
144E Marketplace Blvd.
Knoxville, TN 37922

Kopper Glo Mining, LLC
ATTN: Hunter Hobson, President
144E Marketplace Blvd.
Knoxville, TN 37922

INMET Mining, LLC
ATTN: Hunter Hobson, President
144E Marketplace Blvd.
Knoxville, TN 37922

    Re: Defaults and Opportunity to Cure Under Loan Documents

Gentlemen:

  Blue Tarpon Capital, LLC ("Lender") hereby declares that events of default exist and are continuing under its loan to Industrial Mineral Group, LLC ("IMG") and Kopper Glo Mining, LLC ("Kopper Glo" and together with IMG, "Borrowers") (the "Loan") as evidenced by that certain Senior Secured Promissory Note dated March 13, 2018, made payable by Borrowers to Lender in the original principal amount of $2,500,000.00, as amended and restated by that certain Amended and Restated Senior Secured Promissory Note dated October 9, 2018 which increased the principal amount of the Borrowers' obligation to $4,350,000.00, and as further amended by that certain Amendment No. 1 to the Amended and Restated Senior Secured Promissory Note dated as of January 3, 2020 (the foregoing are collectively referred to herein as the "Note").

  Repayment of the Loan is (a) secured by certain personal property owned by INMET Mining, LLC ("Guarantor") and Borrowers pursuant that certain Security Agreement dated as of March 19, 2020 made by Guarantor, as amended by that certain Amendment No. 1 to the Security Agreement effective as of March 19, 2020 (the "Guarantor Security Agreement"), and that certain Security Agreement dated as of March 13, 2018 made by Borrowers and Amendment No. 1 to the Security Agreement effective as of March 19, 2020 (Borrowers' Security Agreement" and together with the Guarantor Security Agreement, the "Security Agreements"); and (b) guaranteed in part by Guarantor pursuant to that certain Guaranty Agreement dated as of March 19, 2020 made by Guarantor for the benefit of Lender (the "Guaranty" and together with the Note and Security Agreements, and all other documents executed in connection with the Loan, the "Loan Documents").

Despite Lender's waiver of numerous pre-existing defaults under the Note, Borrowers again are in default under the Note because: (a) Borrowers have failed to pay all lawful claims for materials and supplies that might become a lien on their property; (b) Borrowers have failed to satisfy their financial reporting requirements to Lender; (c) Borrowers have failed to notify Lender of Borrowers' insolvency, creating a material adverse effect on their businesses, their operations and their ability to pay obligations to Lender under the Note; (d) Borrowers have failed to notify Lender of any Special Proceeds received; (e) Borrowers have failed to maintain their equipment in good repair and working condition; and (f) Borrowers were not solvent as represented to Lender on January 3, 2020 and on March 19, 2020. Guarantor's default under its obligations to Black Mountain Marketing and Sales LP ("Black Mountain") has put Borrowers at risk on their September 6, 2019 Corporate Guaranty to Black Mountain. This default could have a material adverse effect on Borrowers and their ability to operate their businesses.

In addition to the Borrowers' defaults under the Note, Borrowers are in default under the terms of their security agreement, having misrepresented to Lender that they were solvent on March 19, 2020. Moreover, Borrowers clearly intended to incur debts beyond their ability to pay as they mature, all contrary to their representations in the Borrowers' Security Agreement.

With respect to Guarantor, Guarantor is in default under the terms of its Guaranty and Guarantor Security Agreement because, contrary to its representations made in its Guaranty and in the Guarantor Security Agreement, Guarantor was not solvent as of March 19, 2020, and, pursuant to the Guarantor Security Agreement, has incurred debts beyond its ability to pay as they mature and intended to do so.

Pursuant to the Note, Lender hereby notifies Borrowers and Guarantor of the above defaults. With respect to the Note defaults, Borrowers must cure these defaults by: (a) paying any claims for materials and supplies that might become a lien on their property; (b) complying with the financial reporting requirements set forth in the Note; (c) notifying Lender of all material adverse effects on their businesses, operation and ability to pay their obligations to Lender; (d) notifying Lender of receipt of all Special Proceeds; and (e) providing Lender with evidence that they are maintaining their equipment in good repair and working condition. Each of these actions must be performed by Borrowers on or before July 23, 2020. Failure to cure these breaches by July 23, 2020, may result in Lender exercising its rights and remedies under the Loan Documents and applicable laws, including acceleration and demand for payment of the Loan, the sale of the property securing the Loan and a demand for payment under the Guaranty. Further, Borrowers insolvency at January 3, 2020 and March 19, 2020 means that the representations that were conditions to Amendment No. 1, made January 3, 2020, and the Security Agreement made March 19, 2020, were false, and accordingly, the concessions and agreement made by Lender are subject to being invalidated and withdrawn. Lenders reserve all rights with respect to the misrepresentation. In addition to the foregoing and pursuant to the Note and the Security Agreements, Lender hereby gives notice that Lender and its representatives request copies of the Borrowers' and Guarantor's books and records, including all insurance policies, for examination and reserves the right to inspect these documents in person if necessary. These copies must be provided to Lender not later than July 15, 2020. Additionally, Lender requests that Borrowers provide notice of its Board of Managers' and

2

members' meetings so that Lender's representative may attend and proof that Borrowers and Guarantor are in good standing with all corporate and state tax authorities.

Given the insolvency of Borrowers and Guarantor, Lender hereby gives notice that the fiduciary duties and obligations of Borrowers' and Guarantor's management runs to Lender as a creditor of these entities. These duties and obligations clearly dictate that Borrowers and Guarantor liquidate their assets and business operations for the benefit of Lender and their other creditors. Borrowers' and Guarantor's continued business operations without adequate protection of Lender's interests in Borrowers' and Guarantor's property and the proceeds of such property will constitute a breach of their respective managements' fiduciary duty to creditors and may be tantamount to self-dealing, willful misconduct and other similar conduct.

Lender hereby reserves all of its rights and remedies under the Loan Documents and applicable laws relating to the above-described defaults and non-compliance by Borrowers and Guarantor, and any defaults and non-compliance not described herein. You are also admonished that there can be no change in ownership of IMG per the change in control provision of the Note or use of Borrowers' or Guarantor's funds or assets to satisfy unsecured claims that would otherwise be used to satisfy Lender's secured claims or would constitute proceeds of Lender's collateral.

Please feel free to contact me or have your lawyer contact our counsel, Tom Lane of Bowles Rice LLP, with questions or to discuss. Thank you for your time and attention to this matter.

Sincerely,

BLUE TARPON CAPITAL, LLC


By:_____
Name: Corbin J. Robertson, III
Title: President


CJR/

cc: Brady W. Dunnigan, Esquire

3

12015022.1

Case 3:20-cv-00334-DCLC-DCP   Document 1-8   Filed 07/30/20   Page 4 of 4   PageID #: 107