IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| BLUE TARPON CAPITAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-cv-334 |
| | ) | |
| INDUSTRIAL MINERALS GROUP, LLC, | ) | |
| KOPPER GLO MINING, LLC, and | ) | |
| INMET MINING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER

COME NOW Defendants Industrial Minerals Group, LLC, Kopper Glo Mining, LLC, and Inmet Mining, LLC ("Defendants"), by and through counsel and pursuant to Fed. R. Civ. P. 12, and for their Answer to the Complaint for Damages and Appointment of Receiver [Doc. 1] filed by Plaintiff Blue Tarpon Capital, LLC ("Plaintiff") on July 30, 2020, state as follows:

1. Defendants admit Paragraphs 1, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 38, 45, 46, 47, 53, 54, 55, 60, and 61 of the Complaint.

2. Defendants deny Paragraphs 2, 18, 19, 20, 21, 34, 35, 36, 37, 39, 40, 41, 42, 43, 48, 49, 50, 51, 56, 57, 58, 62, 63, 64, 65, 66, 68, 69, and 70 of the Complaint.

3. In response to Paragraphs 8, 44, 52, 59, and 67 of the Complaint, Defendants incorporate by reference their responses to preceding paragraphs of the Complaint as set forth above.

4. In response to the Plaintiff's prayer for relief following Paragraph 70 of the Complaint, Defendants deny that the Plaintiff is entitled to any of the relief sought.

5. Defendants specifically deny each and every allegation of the Complaint not

1

specifically admitted herein.

6. As an affirmative defense, Defendants aver that the Complaint fails, either in whole or in part, to state a claim or cause of action against Defendants upon which relief can be granted.

7. As an affirmative defense, Defendants aver that the documents attached as Exhibits D, E, F, and G are not enforceable contracts between Plaintiff and Defendants because they are not signed by Plaintiff and, upon information and belief, were never signed by Plaintiff.

8. As an affirmative defense, Defendants aver that they are entitled to a set-off against any claims by Plaintiff in the Complaint for amounts previously paid to Plaintiff, for amounts owed to Defendants in connection with their claims against the Plaintiff in this or any other pending litigation, and for other amounts as permitted by law or equity.

9. As an affirmative defense, Defendants aver that Plaintiff is not entitled to any relief to the extent it forfeited its right to relief under the equitable doctrines of laches or unclean hands, waived their rights, or are estopped from seeking the relief requested in the Complaint.

10. As an affirmative defense, Defendants aver that Plaintiff's claims are barred by its breach of the implied covenant of good faith and fair dealing.

11. As an affirmative defense, Defendants aver that the claims of Plaintiffs in the Complaint are barred by the doctrine of accord and satisfaction and/or by a release.

12. As an affirmative defense, Defendants aver that Plaintiff consented to and acquiesced in Defendants' actions.

13. As an affirmative defense, Defendants aver that the Plaintiff is entitled to no recovery due to its own breaches of the alleged contracts and its own unlawful actions.

14. As an affirmative defense, Defendants aver that the Plaintiff's claims are barred

by Plaintiff's failure to give notice (or their improper notice) of the alleged breaches and failure to provide a reasonable opportunity to cure the alleged breaches.

15. As an affirmative defense, Defendants aver that Plaintiff's claims are barred by a failure of consideration, lack of consideration, and/or inadequate consideration.

16. As an affirmative defense, Defendants aver that they acted, at all times, reasonably and in good faith.

17. As an affirmative defense, Defendants aver that the Plaintiff's Complaint fails to join indispensable parties.

18. As an affirmative defense, Defendants aver that Plaintiff's claim for specific performance is inappropriate because Plaintiff cannot demonstrate that monetary damages are an inadequate remedy.

19. Defendants reserve the right to assert additional affirmative defenses in the event that discovery indicates that any such additional affirmative defenses are appropriate.

WHEREFORE, PREMISES CONSIDERED, Defendants Industrial Minerals Group, LLC, Kopper Glo Mining, LLC, and Inmet Mining, LLC pray that this, their Answer to the Plaintiff's Complaint, be deemed good and sufficient and that, after due proceedings be had, this Court:

1. Enter judgment in favor of Defendants and against the Plaintiff on Plaintiff's Complaint;

2. Dismiss the Plaintiff's Complaint with prejudice; and

3. Award Defendants all their costs and expenses of litigation, including reasonable attorneys' fees, as well as all other general and equitable relief to which they may be entitled.

Respectfully submitted this 26th day of August, 2020.

                                      **LACY, PRICE & WAGNER, PC**

                                      By: /s/ James H. Price
                                              James H. Price (BPR #016254)
                                              249 North Peters Road, Suite 101
                                              Knoxville, Tennessee 37923
                                              (865) 246-0800
                                              *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 26, 2020, a true and exact copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                                      /s/ James H. Price
                                                      James H. Price (BPR #016254)

4

Case 3:20-cv-00334-DCLC-DCP   Document 13   Filed 08/26/20   Page 4 of 4   PageID #: 155